IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

INTHANOUSONE BORIHANE,

                              Plaintiff,

        v.                                      Civil Action No.
                                                 9:05-CV-1256 (NAM/DEP)

ROBERT OUTHOUSE, Sheriff,

                              Defendants.

─────────────────────────────────────

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

INTHANOUSONE BORIHANE, *pro se*

FOR DEFENDANTS:

GOLDBERG SEGALLA, LLP               KENNETH M. ALWEIS, ESQ
5789 Widewaters Parkway             SANDRA J. SABOURIN, ESQ.
Syracuse, New York 13214

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

        Plaintiff Inthanousone Borihane, a federal prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this action

pursuant to 42 U.S.C. § 1983 against Cayuga County Sheriff Robert

Outhouse, alleging deprivation of his civil rights occurring during a time

when he was a federal detainee at the Cayuga County Jail ("CCJ"),

awaiting sentencing on a bank robbery conviction.  In his complaint,

plaintiff alleges that while at the CCJ, he was denied access to a pastor,

clergy, priest, or other ordained person for religious worship, and a proper

law library and related materials meeting minimum standards under the

governing state regulations.  The remedial portion of plaintiff's complaint

seeks only equitable relief, in the form of an order directing his transfer to

a facility where he would be permitted to worship and afforded access to a

proper law library.

Defendant has moved seeking dismissal of plaintiff's claims against

him.  Defendant's motion is predicated upon plaintiff's transfer out of the

CCJ and into a federal prison facility, an occurrence which, Outhouse

asserts, renders plaintiff's claim for injunctive relief academic.  For the

reasons set forth below I agree, and therefore recommend that

defendant's motion be granted.

I.      BACKGROUND

When his complaint in this action was filed, plaintiff was an inmate

incarcerated in the CCJ, located in Auburn, New York, awaiting sentencing

on a federal conviction.[1]  Complaint (Dkt. No. 1) ¶ 6.  During the times

relevant to his claims, plaintiff was housed in the facility's Restrictive

Housing Unit ("RHU").  *Id.*  Plaintiff maintains that while confined in the

CCJ RHU he was subject to constitutional deprivations falling into two

distinct areas.[2]

Initially, plaintiff's complaint alleges that he was not provided with

adequate legal resources and assistance while confined within the RHU.

*Id.* at ¶ 7.  Specifically, plaintiff asserts that the law library at the CCJ did

not include all of the materials required under the New York Code of Rules

and Regulations; did not offer the services of a notary public available to

inmates, upon request, also as required; and did not make available a

trained person to help him with his preparation of legal documents.

Complaint (Dkt. No. 1) Attachment ¶ 4.  Plaintiff further claims that over

time, his requests for photocopies and law books were denied or severely

---

[1]    At the times relevant to his claims, plaintiff was in the custody of the United
States Marshal.  Because there is no federal facility for housing unsentenced detainees in
this district, the United States Marshal contracts with various local authorities, including
Cayuga County, for the housing of federal inmates awaiting trial and/or sentencing.

[2]    Plaintiff also alleges, generally, that his rights to due process, equal
protection, and freedom from cruel and unusual punishment were violated, but makes no
specific factual allegations in his complaint or the accompanying attachment to support any
of those general claims.  Complaint (Dkt. No. 1).

restricted by prison officials, and these actions had the effect of unlawfully interfering with his access to the courts. *Id.* at ¶¶ 2,3.

The second aspect of plaintiff's claim surrounds defendant's alleged failure to provide him with access to a pastor or other clergy member while housed in the RHU, despite his multiple requests. *Id.* at ¶ 1. Borihane contends that this denial unlawfully interfered with the free exercise of his chosen religion.[3] Complaint (Dkt. No. 1) ¶ 6.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on October 3, 2005, and was subsequently granted leave to proceed *in forma pauperis*. Dkt. Nos. 1, 4. In his complaint, plaintiff alleges interference with the free exercise of his religious beliefs and impaired access to the courts due to the inadequacy of the law library at the CCJ and the denial by prison officials of his requests for legal materials. Plaintiff's complaint requests only equitable relief, seeking a directed transfer to another facility where he would have access to the requisite religious and legal resources; plaintiff has not requested recovery of monetary damages against the defendant.[4]

---

[3]    According to his complaint, Borihane is a practicing Christian. *See* Complaint (Dkt. No. 1) Attachment at ¶ 1.

[4]    An application by plaintiff for leave to amend his complaint was denied by order issued on December 20, 2006, based upon his failure to comply with the

Complaint (Dkt. No. 1) ¶ 9.

Issue in the case was joined on July 7, 2006 by the filing of an answer generally denying plaintiff's allegations and asserting various affirmative defenses including, *inter alia,* the lack of existence of a justiciable controversy, in light of plaintiff's transfer to another jail facility. Dkt. No. 9.  Defendant has since moved, by motion filed on February 15, 2007, under Rules 56 and 12(b)(1) & (6) of the Federal Rules of Civil Procedure, in the alternative, urging dismissal of plaintiff's claims against him as moot, based upon his transfer out of the CCJ.  Dkt. No. 22. Defendant's motion, to which plaintiff has filed no opposition, is now ripe for determination, and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

A.    Legal Significance of Plaintiff's Failure to Oppose Motion

---

requirements of this court's local rules that he provide a copy of a fully integrated, proposed amended complaint with his motion. Dkt. No. 20.  It appears that plaintiff's motion sought leave to name additional defendants and, while injunctive relief remained the focus of plaintiff's quest for relief, to add a claim for recovery of $5,000 "to cover any occurring expenses for filing [his] complaint and for hindering [his] spiritual growth with God."  Dkt. No. 14 at p. 23.

Confronted with a motion by the defendant seeking dismissal of his complaint, plaintiff has not provided the court with the benefit of any argument as to why that motion should not be granted. Before turning to the merits of defendant's motion, I must address the plaintiff's failure to respond to that motion and determine what, if any, consequences should result from that failure.

This court's rules provide that

> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R. 7.1(b)(3). While recognizing that *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, *see Jemzura v. Pub. Serv. Comm'n*, 961 F. Supp. 406, 415 (N.D.N.Y. 1997) (McAvoy, C.J.), courts in this district have found it appropriate to grant a dispositive motion pursuant to Local Rule 7.1(b)(3) based upon a *pro se* plaintiff's failure to respond. *Robinson v. Delgado*, 96-CV-169, 1998 WL 278264, at *2 (N.D.N.Y. May 22, 1998) (Pooler, J. & Hurd, M.J.); *Cotto v. Senkowski*, 95-CV-1733, 1997 WL 665551, at *1 (N.D.N.Y. Oct. 23, 1997)

6

(Pooler, J. & Hurd, M.J.); *Wilmer v. Torian*, 980 F. Supp. 106, 106-07

(N.D.N.Y. 1997) (Pooler, J. & Hurd, M.J.).  As can be seen by the face of

Local Rule 7.1(b)(3), however, before summary judgment can be granted

in this instance, even in the absence of opposition, the court must review

the motion to determine whether it is facially meritorious.  *See Allen v.*

*Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 231-32

(N.D.N.Y. 2001) (Scullin, C.J.); *Leach v. Dufrain*, 103 F. Supp. 2d 542,

545-46 (N.D.N.Y. 2000) (Kahn, J.).

     While a plaintiff's failure to properly oppose a defendant's motion

does not assure that the motion, however lacking in merit, will be granted,

that failure is not without consequences.  By opting not to submit papers in

opposition to his motion, plaintiff has left the facts set forth in defendant's

Local Rule 7.1(a)(3) Statement unchallenged.  Courts in this district have

found it appropriate to enforce Local Rule 7.1(a)(3) and its predecessor,

Local Rule 7.1(f), by deeming facts set forth in a statement of material facts

not in dispute to have been admitted based upon an opposing party's

failure to properly respond to that statement.[5]  *See*, *e.g.*, *Elgamil v.*

---

[5]     According to Local Rule 7.1(a)(3), "[a]ny facts set forth in the Statement of
Material Facts shall be deemed admitted unless specifically controverted by the opposing
party."  *See* N.D.N.Y.L.R. 7.1(a)(3) (emphasis omitted).

*Syracuse Univ.*, No. 99-CV-611, 2000 WL 1264122, at *1 (Aug. 22, 2000)

(McCurn, S.J.) (listing cases); *see also Monahan v. New York City Dep't of*

*Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts'

discretion to adopt local rules like 7.1(a)(3)).  I recommend that the court

follow this longstanding practice and, notwithstanding plaintiff's *pro se*

status, accept defendant's assertion of facts as set forth in his Local Rule

7.1(a)(3) Statement as uncontroverted, in light of plaintiff's failure to

respond to that statement, when reviewing defendant's motion for facial

sufficiency.

   B.   Summary Judgment Standard[6]

   Summary judgment is governed by Rule 56 of the Federal Rules of

Civil Procedure.  Under that provision, summary judgment is warranted

when "the pleadings, depositions, answers to interrogatories, and

---

[6]      Because the defendant has answered, his motion, to the extent that it seeks relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is no longer appropriate; instead, under such procedural circumstances a defendant intending to challenge the facial sufficiency of a pleading should move for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure – a provision which gives rise to an analysis generally informed by the same principles as those applicable to motions brought under Rule 12(b)(6). *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). In light of the fact that the defendant has moved in the alternative under Rule 56, and submitted a Local Rule 7.1(a)(3) Statement in support of his application for summary judgment, I have treated defendants' motion as seeking the entry of summary judgment, and have analyzed it on that basis.

admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004).  A fact is "material", for purposes of this inquiry, if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*).  A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.  Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

9

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (stating that summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

10

C.    Mootness

Article III of the United States Constitution confers upon federal

courts the authority to decide actual cases and controversies.  *Catanzano*

*v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001); *see also Lewis v. Cont'l Bank*

*Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253 (1990); *Powell v.*

*McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1950-51 (1969).

Consequently, a federal court presented with an action in which no live

controversy exists may not entertain jurisdiction, but instead order

dismissal of the case as moot.  *Catanzano*, 277 F.3d at 107.

Addressing the concept of mootness, the Second Circuit has noted

that

> [t]he hallmark of a moot case or controversy is that
> the relief sought can no longer be given or is no
> longer needed.

*Martin-Trigona v. Shiff,* 702 F.2d 380, 386 (2d Cir.1983).  Under most

circumstances, the transfer of an inmate plaintiff complaining of civil rights

violations out of the prison facility in which those violations are alleged to

have occurred presents just such a situation, thus mooting any claim for

injunctive relief against prison officials of the transferring facility.

*Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Prins v. Coughlin*,

76 F.3d 504, 506 (2d Cir. 1996); *Young v. Coughlin,* 866 F.2d 567, 568 n. 1

11

(2d Cir.), *cert. denied,* 492 U.S. 909, 109 S. Ct. 3224 (1989); *Beyah v. Coughlin*, 789 F.2d 986, 988 (2d Cir.1986); *Candelaria v. Greifinger*, No. 96-CV-0017, 1998 WL 312375, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J. and Scanlon, M.J.).

The constitutional deprivations of which Borihane now complains allegedly occurred while he was confined as an inmate within the CCJ.  It has been established to the court's satisfaction, both by virtue of plaintiff's failure to respond to the portion of defendant's Local Rule 7.1(a)(3) Statement making this allegation, and from the court's own records, that plaintiff is no longer an inmate at that facility, having instead apparently been transferred into the custody of the Federal Bureau of Prisons, following his sentencing in connection with his bank robbery conviction. *See* Defendant's Local Rule 7.1(a)(3) Statement (Dkt. No. 22-6) ¶ 3; *see also* Dkt. No. 14.  Since it thus appears that plaintiff is no longer incarcerated at the CCJ, and there is no reason to conclude that the defendant, as the Cayuga County Sheriff, has any further involvement with the terms and conditions of Borihane's confinement, plaintiff's complaint, which seeks only equitable relief including a transfer to another facility where he can be provided with the requested legal and religious materials and services, must be dismissed as moot.  *Prins,* 76 F.3d at 506;

12

*Salahuddin*, 467 F.3d at 272.

IV.   SUMMARY AND RECOMMENDATION

In his complaint plaintiff has sought only equitable relief, and does not request monetary damages arising from the alleged denial of his constitutional rights.  Since commencement of this action, plaintiff has been transferred out of the CCJ, which the constitutional violations of which he complains are alleged to have occurred, and the named defendant is no longer responsible for the conditions of his confinement.  Plaintiff's claims for equitable relief against the defendant are therefore moot, and must be dismissed for failure to satisfy the case and controversy requirement of Article III of the United States Constitution.  It is therefore hereby

RECOMMENDED that defendant's motion seeking the entry of summary judgment dismissing plaintiff's complaint against him (Dkt. No. 22) be GRANTED, and that plaintiff's complaint, be DISMISSED in all respects on the basis of mootness.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85

(2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

Report and Recommendation upon the parties in accordance with this

court's local rules.


Dated:      June 25, 2007
            Syracuse, NY



_____
David E. Peebles
U.S. Magistrate Judge

14